IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VALARY W. NELLUM**                                                                          **PLAINTIFF**

v.                              **CASE NO. 4:20-CV-00385-LPR**

**ARKANSAS CHILDREN'S HOSPITAL**                                          **DEFENDANT**


**AGREED PROTECTIVE ORDER**

The parties to this case agree to protect the confidentiality of certain information (including deposition testimony) and documents that may be discovered, exchanged, discussed, or offered into evidence at any Court hearing. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

1. It is agreed that any materials or documents requested by any of the parties that the producing party deems confidential, shall be deemed confidential and disclosed <u>only</u> to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

   a. Plaintiff Valary W. Nellum; and

   b. Counsel for defendants who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation.

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

2. The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

3. A party may designate as confidential portions of any deposition transcript wherein materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made by letter sent by facsimile, U.S. mail, or electronic mail to opposing parties or their respective attorneys within twenty-one (21) business days after receipt of the transcript. Any confidentiality designation asserted on the record during a deposition must be confirmed in writing within this same time period, providing the specific pages of the transcript that are designated as "CONFIDENTIAL." The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as confidential and therefore subject to this Protective Order until 5:00 p.m. Central Time on the twenty-first (21st) business day after receipt of the transcript. All portions of the deposition transcript not designated as

"CONFIDENTIAL" by 5:00 p.m. Central Time on the twenty-first (21st) business day after receipt of the transcript are excluded from the protections of this Protective Order.

    4.    If a party wishes to challenge the confidential designation made by the producing party of any materials, he or she must first attempt in good faith to confer with the producing party in an effort to resolve the issue amicably.  If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation.  The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as confidential. Materials designated as "CONFIDENTIAL." will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

    5.    Subject to the Federal Rules of Evidence and any subsequent rulings by this Court, any confidential information or documents may be offered in evidence at any Court hearing or trial.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

    6.    If a party intends to file or submit any material to the Court that contains confidential information covered by this Protective Order, the party shall file a motion to seek leave to file the confidential information under seal.  In the event the motion is granted, the confidential information shall then be filed under seal, in accordance with the Court's order.

7. No party or his or her attorney may comment in the presence of the jury on the reasons or motivation for designating materials as confidential without first having obtained permission from the Court to do so.

8. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation.  No individual shall share, disclose, or discuss any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order.  No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

9. The receiving party shall hold and maintain confidential information and documents in strictest confidence, and shall not use for the receiving party's own benefit, publish, copy, or otherwise share, disclose, or discuss to others, in any form or manner.

10. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure.  In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

11. An individual who makes a disclosure in violation of this Protective Order may be sanctioned pursuant to Fed. R. Civ. P. 37(b).

12. Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc, or in any type of electronic format shall be destroyed or returned to the party that produced the documents.

13. Notwithstanding anything to the contrary in this Protective Order, this Protective Order does not cover trial testimony or trial exhibits. If a party wishes to seal any portion of the trial transcript, trial exhibits, or trial testimony, a separate motion will be required closer to trial.

14. Notwithstanding anything to the contrary in this Protective Order, the Court and any Court staff working on this matter under the direction of the Court may have access to the Confidential Materials without complying with or being bound by the provisions of this Protective Order.

IT IS SO ORDERED this 3rd day of September, 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

APPROVED:

_____
VALARY W. NELLUM
90 Greystone Boulevard
Cabot, AR  72023
(501) 960-1473
*Plaintiff, pro se*

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808


By: _____
      Regina A. Young (96161)
      *Attorneys for Defendant*